**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ISMELDA GARZA,

       Plaintiff,

v.                                        No. 2:26-cv-01865-KRS

STAN ROSS,
*New Mexico SSDI Commissioner*,

       Defendant.

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
AND TO CURE DEFECTS**

**THIS MATTER** is before the Court on *pro se* Plaintiff Ismelda Garza's ("Plaintiff")

Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") (Doc.

2), filed June 8, 2026, and *sua sponte* on Plaintiff's Complaint, (Doc. 1), filed June 8, 2026. The

Court, having reviewed the IFP Motion and being otherwise fully advised, finds that the IFP

Motion is well taken and should be granted. **IT IS THEREFORE ORDERED** that Plaintiff's IFP

Motion, (Doc. 2), is hereby **GRANTED.** Plaintiff may proceed without prepayment of costs or

other fees or the need to provide security therefor.

Having granted Plaintiff the ability to proceed *in forma pauperis*, the Court must also

determine whether Plaintiff has stated a claim on which relief may be granted. *See* 28 U.S.C. §

1915(e)(2) (providing that in proceedings *in forma pauperis*, "the court shall dismiss the case at

any time if the court determines that . . . the action . . . fails to state a claim on which relief may be

granted"). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds

upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint

must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual

with fair notice." *Robbins v. Okla.*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original);

*see also Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

As a threshold matter, Plaintiff's Complaint fails to make clear whether she is appealing a decision of the Social Security Administration ("SSA") or bringing a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff used the standard form this Court provides to *pro se* litigants to bring civil rights claims under 42 U.S.C. § 1983, but she describes the nature of her case as "a compliant for review of a social security disability or supplemental security decition [*sic*]." (Doc. 1 at 1). The Complaint includes a June 2, 2026, notarized statement, wherein Plaintiff states she is bringing the action "under §405(g)" and references a May 8, 2026, letter "signed by Daniel Herak Appeals Officer located in" Las Cruces, New Mexico. (*Id* at 10). The Complaint does not include a copy of the purported May 8, 2026, letter. Plaintiff then claims "[t]his administration is in violation of" §§ 220.128, 220.132, and 404.1520. (*Id.*) Plaintiff appears to seek disability payments or workers compensation payments that have ceased for some unknown reason or, alternatively, $4,000,000 for pain and suffering. (*Id.* at 11). Plaintiff also names as the defendant in this matter Stan Ross, the Agency Director of the New Mexico Governor's Commission on Disability ("GNO"). (*Id.* at 1). The Court considers these to be indications that Plaintiff is seeking to appeal some sort of social security decision, but it is unclear what decision the SSA rendered and if Plaintiff exhausted her administrative remedies. Further, the proper defendant in an appeal from a decision of the SSA, including the Appeals Council, is the Commissioner of the SSA, not the Agency Director of the New Mexico GNO. *See* 42 U.S.C. § 405(g).

The jurisdictional basis for judicial review of cases arising under the Social Security Act is 42 U.S.C. § 405(g). Section 405(g) authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." A plaintiff must request review by the Appeals Council to receive a final decision. 20 C.F.R. §§404.981, 422.210. Here, the Complaint does not make clear whether Plaintiff exhausted her administrative remedies pursuant to § 405(g). Hence, this Court may be without jurisdiction to hear Plaintiff's claims absent exhaustion of her administrative remedies if Plaintiff is appealing a decision of the SSA.

On the other hand, to state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint also fails to state a claim pursuant to 42 U.S.C. § 1983 because Plaintiff has not identified a federal right that Defendant allegedly violated.

**IT IS THEREFORE ORDERED** that within thirty (30) days from the entry of this Order, Plaintiff must file an amended complaint in which she makes clear whether she is (1) appealing a final decision of the SSA, in which case she must properly name the defendant in her case as Frank Bisignano, Commissioner of the SSA, or (2) bringing a civil rights action under 42 U.S.C. § 1983, in which case she must describe in greater detail the nature of her case and more thoroughly complete the form complaint so that the Court may conduct a meaningful preliminary review of Plaintiff's claims. Failure to comply with this Order may result in dismissal of this case without further notice.

**IT IS SO ORDERED** this 10th day of June, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE